[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16253
Non-Argument Calendar

_____

D. C. Docket No. 04-00258-CV-4-RH

DEBORAH COOPER, next friend of and on
behalf of children A & B and for herself individually,
LISA A. MEAD, next friend of and on behalf of
children C, D & E and for herself individually, et al.,

Plaintiffs-Appellants,

versus

STATE OF FLORIDA,
JOHN ELLIS BUSH, Governor State of Florida
in his official capacity, a.k.a. Jeb, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 20, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellants are a group of parents representing themselves and their children. They appeal the decision of the district court, dismissing their suit against the State of Florida and various other state officials and entities. Children A & B ex rel. Cooper v. Florida, 355 F. Supp 2d 1298 (N.D. Fla. 2004). Appellants brought suit claiming that the Florida voucher system violated their fundamental rights as parents to choose which schools were appropriate for their children by substituting the State's judgment of whether the school was failing their children for their own. They argue that it is their fundamental right as parents to determine which schools are best for their children, and that the State should provide them with funding for private school when they, the parents, determine that the public school is failing their children. They also argue that the denial of funding for private schools of their choice constitutes discrimination against their expression of educational views, in violation of the First Amendment.

The State of Florida provides a comprehensive system of free education for grades kindergarten through twelve. It also compels attendance, although compliance with this requirement may be satisfied through attendance of public or private schools, or through home-schooling. There are certain instances when the State will provide funding for a student to attend private school: 1) when the State

has determined that the student's public school is failing, or 2) when the student is disabled and the parents deem the student's school is failing.  Fla. Stat. §§ 1002.38, 1002.39.   The State determines if a school is failing based on "a combination of student achievement scores, student learning gains as measured by annual Florida Comprehensive Assessment Test (FCAT) assessments in grades 3 through 10, and improvement of the lowest 25th percentile of students in the school in reading, math, or writing on FCAT, unless these students are performing above satisfactory performance."  Fla. Stat. § 1008.34.

The Due Process Clause of the Constitution protects the fundamental right of parents to direct the education of their children.  Pierce v. Society of Sisters, 268 U.S. 510, 534-35, 45 S.Ct. 571, 573 (1924).  In Pierce, the Court held that the State of Oregon could not require students attend public schools, in part because it interfered with this right.  Here, by contrast, the State is not compelling attendance; rather, it is not subsidizing the parents' choice to send their children to a private school.  Parents have the option to send their children to private schools but the State will not pay for it unless the State determines that the public school to which the child is assigned is failing.

Appellants have no right to have a fundamental right subsidized.  In Harris v. McRae, 448 U.S. 297, 100 S.Ct. 2671 (1980), the Court rejected the plaintiffs'

3

argument that the restriction of payment for abortions by Medicaid impinged on their liberty interest protected by the Due Process Clause. The Court stated that "it simply does not follow that a woman's freedom of choice carries with it a constitutional entitlement to the financial resources to avail herself of the full range of protected choices." Id. at 316, 100 S.Ct. at 2688. The court continued:

> It cannot be that because government may not prohibit the use of contraceptives, or prevent parents from sending their child to a private school, government, therefore, has an affirmative constitutional obligation to ensure that all persons have the financial resources to obtain contraceptives or send their children to private schools. To translate the limitation on governmental power implicit in the Due Process Clause into an affirmative funding obligation would require Congress to subsidize the medically necessary abortion of an indigent woman even if Congress had not enacted a Medicaid program to subsidize other medically necessary services. Nothing in the Due Process Clause supports such an extraordinary result. Whether freedom of choice that is constitutionally protected warrants federal subsidization is a question for Congress to answer, not a matter of constitutional entitlement.

Id. at 318, 100 S.Ct. at 2688-89. Thus it is clear that the State is under no obligation to subsidize the Appellants' exercise of their fundamental right to choose the education of their children. And, it is equally clear that the State's failure to subsidize the Appellants' fundamental right to choose the education of their children is not tantamount to depriving the Appellants of that right.

Furthermore, the State does not invade this right when it makes its

4

determination that the schools are failing a condition precedent to providing public

funding.  The Appellants are still free to make that determination themselves at

any time, they just cannot expect to have the determination funded unless the State

agrees.  There is no usurpation; rather, the subsidy does not trigger until certain

criteria are met.  Cf.  Locke v. Davey, 540 U.S. 712, 124 S.Ct. 1307 (2004)

(holding that state's denial of funding for scholarship if field of study was

preparation for the ministry did not violate the recipient's rights under the Free

Exercise Clause because he was not prevented from studying for the ministry).[1]

Appellants argue that the denial of funding for private school discriminates

against their expression of educational views that are protected by the First

Amendment.  As discussed above, the State awards state funds for private

education to a student when it determines that the student's assigned public school

is failing.  Its determination that the school is failing is based upon criteria chosen

by the State – passage rates of the FCAT.  Appellants argue that their views of

when the school is failing should be substituted or else this violates their rights to

free speech.  However, Appellants retain the right to determine when a school is

---

[1]     At some points in their brief, Appellants seem to vaguely argue that state law bestows upon them an individual right to state funding, and the State imposes a condition on receiving that funding.  Appellants suggest that the condition of the funding violates the federal constitution. To the extent such argument is made, we reject its predicate.  We defer to and agree with the state courts, which ruled against Appellants in related state court litigation, that Florida law creates no right to funding for a private school education.

failing, but nothing in the First Amendment requires the State to subsidize that determination.[2]

AFFIRMED.[3]

---

[2] Appellants' reliance on <u>Rosenberger v. Rector & Visitors of the Univ. of Va.</u>, 515 U.S. 831, 115 S.Ct. 2510 (1995), is unfounded. In that case, funding was denied on the basis of viewpoint. Here, beneficiaries' viewpoint is not factored into the analysis. Additionally, we reject Appellants' limited public forum argument. The State has not created any kind of public forum; this is a subsidy case and the State is not required to subsidize the Appellants.

[3] Appellants' request for oral argument is denied. Any other arguments asserted by Appellants on appeal are rejected without need for further discussion.